# LAWRENCE A. GARVEY & ASSOCIATES, P.C.

317 S. LITTLE TOR ROAD • NEW CITY, NEW YORK 10956
PHONE (845) 634-6404
www.LAGLawFirm.com

Lawrence A. Garvey*
Donald S. Tracy, Of Counsel**
Brittany C. Cordero***
Joseph Reiter****

*Admitted NY, CT, USDCT, SDNY and EDNY
**Admitted NY, SDNY and EDNY
***Admitted NY, NJ, SDNY and EDNY
**** Admitted NY, MA, SDNY and EDNY

March 2, 2022

*VIA SDNY ECF*
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    RE:    The Charter Oak Fire Insurance Company v. Alpha Omega Realty LLC, et al.
              Letter Motion for Stay of Civil Action Pending Outcome of Criminal Action
              Case No.: 7:22-cv-00815-KMK

Dear Honorable Karas:

       Please be advised that this office represents the Defendants Alpha Omega Building Consulting Corp. and Anthony Frascone (hereinafter collectively referred to as "Defendants") in the above-referenced matter. This office respectfully submits this pre-motion letter seeking a stay of the above-referenced civil action pending the outcome of a parallel criminal action against Mr. Frascone as further detailed below.

       By way of brief background, Plaintiff the Charter Oak Fire Insurance Company (hereinafter, the "Plaintiff") commenced this action on or about February 3, 2022 alleging claims of breach of contract, quantum merit, and fraud under the position that the Defendants applied and were given a Workers Compensation and Employer Liability and Insurance Policy with certain premiums and limits for what Plaintiff believed was a real estate office with a single employee. Plaintiff now alleges that Defendants instead were operating general contracting and construction operations such that conflict with the terms and conditions of the policies with a claim of damage of $1,498,748.00.

       Plaintiff's Complaint was filed approximately one (1) month after Mr. Frascone appeared before a grand jury and was subsequently indicted on charges of Grand Larceny in the First Degree, Insurance Fraud in the First Degree and Grand Larceny in the Second Degree, bearing

Indictment No. 2022-001. This indictment was presented and filed on January 5, 2022. While it is Mr. Frascone's intent to defend against this criminal action and the instant civil proceeding, a defense has not yet been asserted.

In consideration of the above, the Defendants respectfully request that this Honorable Court exercise its inherent power to stay this civil proceeding as a related criminal proceeding is pending. Courts have an inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial. See *Kashi v. Gratsos*, 90 F.2d 1050, 1057 (2d Cir. 1986). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of the Second Circuit consider the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

The Court's balancing efforts should be evaluated on a case-by-case basis, with the basic goal being to avoid prejudice and to consider the hardship, inequity or injustices to a party, the public or the court. Id at 99; see also *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). In the instant matter, the criminal matter and civil matter both rely upon the same allegations of fact and law related to, *inter alia*, fraudulent actions involving insurance companies. Based upon my review of the grand jury minutes, the criminal allegations are virtually identical to the allegations set forth in Plaintiff's Complaint. The criminal proceeding will involve identical facts, evidence, victims, issues and parties. As such, this first factor weighs heavily in favor of a stay. See supra.

Additionally, the status of the case, specifically, whether the defendant has been indicted has been described as "the most important factor" to be considered in the balance of factors. *Karimona Investments, LLC v. Weinreb*, No. 02-cv-1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003). In *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995),* the Court reasoned that a stay of a civil case is most appropriate when a party to the civil case has been indicted for the same issues. The Court reasoned its importance because, "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued" and also, "the prejudice to the plaintiffs in a civil case is reduced since the criminal case will likely be quickly resolved." As is the case here, the indictment was entered on January 5, 2022 and the criminal case has progressed. There are no facts indicating that this criminal matter would not resolve expeditiously as any other criminal matter would. *Volmar Distribs.*, 152 F.R.D. at 39 As such, this factor weighs heavily in favor of the Defendants.

The Interests of the Courts in judicial economy and in protecting the Defendant's

constitutional rights, favor granting the stay of the civil case. Although we believe that the Defendant will be vindicated through the criminal process, we acknowledge two possible outcomes. If the Defendant is convicted, the establishment of the facts beyond a reasonable doubt in the criminal court will relieve the civil court and the Plaintiff of the burden of relitigating those facts. If the Defendant is found not guilty, the Plaintiff will not be foreclosed from establishing Defendant's liability by a preponderance of the evidence, and will benefit from less burdensome discovery, in that the criminal trial will likely disclose certain, if not most, of the relevant evidence. On the other hand, if the civil action proceeds while the criminal prosecution is pending, the Court will be confronted with balancing the Defendant's Fifth Amendment rights against the Plaintiff's right to discovery, with the more compelling interest in preserving the Defendant's constitutional right against self-incrimination impeding the efficiency of the civil action.

While the stay of the instant action pending the resolution of the criminal prosecution may cause inconvenience and delay to the plaintiff, the protection of Mr. Fracone's constitutional right against self-incrimination is the more important consideration *(see, Dienstag v Bronsen*, 49 FRD 327). Moreover, a prior determination of the criminal action could possibly have collateral estoppel effect in the subsequent civil case and could well serve to reduce the scope of discovery and to simplify the issues therein *(see, Merchants Mut. Ins. Co. v Arzillo*, 98 AD2d 495; *Texaco, Inc. v Borda*, 383 F2d 607; *Clark v United States*, 481 F Supp 1086, *appeal dismissed* 624 F2d 3). *De Siervi v. Liverzani*, 136 A.D.2d 527, 528, 523 N.Y.S.2d 147, 148, 1988 N.Y. App. Div. LEXIS 317, *2-3

With respect to the proposed prejudice to the parties, granting a stay of the civil case to allow the criminal one to proceed would not cause any prejudice. To the extent any prejudice does exist, the prejudice would fall heavily on the Defendants. Granting a stay would eliminate the conflict of asserting Fifth Amendment rights causing a prejudice to the Defendants in the civil action, and likewise eliminate the conflict of waiving such rights in Mr. Frascone's criminal action.

Lastly, the interests of the Court and the public weight in favor of a stay as issues common to both the civil case and criminal case can be resolved in the criminal proceeding; thereby, simplifying the parameters of the civil action; clarifying the issues; minimizing the involvement of witnesses, and moving towards a resolution in a more expeditious manner. To the extent a stay would not be granted, the discovery process alone would be frustrated by Mr. Frascone's assertion of rights and the parties' inability to address all aspects of the case, that may or may not hinge on the criminal action itself.

As such, for the reasons stated above, Defendants respectfully request that this Court exercise its discretion in granting a stay of the instant civil proceeding, pending the outcome of the simultaneous criminal proceeding.

Thank you for your time and consideration.

Plaintiff is to respond to this letter by 3/8/22.

So Ordered.

3/3/22

cc: Thomas A. Martin, Esq.
    *Attorney for Plaintiff*

Very truly yours,

*/s/ Lawrence A. Garvey*
Lawrence A. Garvey, Esq.
Lawrence A. Garvey & Associates, P.C.
317 S. Little Tor Road
New City, New York 10956
lgarvey@laglawfirm.com

4